UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KDC DIRECT, LLC DBA AMAZON SELLER KDC DIRECT | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:19-cv-01708-TWT ) |
| RAVAGE HOLDING, INC.; TREEWAY SOLUTIONS INC.; GARY LEUNG; EQUINOX INTERNATIONAL DIRECT LIMITED; and MARHASIN WAREHOUSE; GEORGI MARHASIN. | ) ) JURY TRIAL DEMANDED ) ) ) |
| Defendants. | ) ) |

## FIRST AMENDED COMPLAINT

Plaintiff KDC Direct, LLC dba Amazon Seller KDC Direct ("Plaintiff"), and

for its First Amended Complaint against Defendants Ravage Holding, Inc. dba

Amazon Storefront "URPARTY" ("Ravage Holding"); Treeway Solutions Inc.

dba Amazon Storefront "The Novelty Brand" ("The Novelty Brand"); Gary

Leung; Equinox International Direct Limited Amazon Storefront "Global Trade

Partner Brand," as Equinox International, and as Global Trade Partner Brand

(collectively, "Global Trade"); Georgi Marhasin; and Marhasin Warehouse (all

defendants collectively, "Defendants").  In support thereof, Plaintiff alleges as

follows:

## I.   NATURE OF THE ACTION

1.     This is a cause of action to remedy Defendants' anti-competitive, tortious, and fraudulent behavior against Plaintiff on the Amazon.com selling platform.

2.     Upon information and belief, Defendant Ravage Holding, an Amazon competitor, has lodged counterfeit claims against Plaintiff for selling popcorn bags.  Specifically, Plaintiff sold "Carnival King Paper Popcorn Bags, 1 oz, Red & White, 100 Piece" ("Accused Popcorn Bags") on Amazon.com. However, upon further information and belief, Defendant Ravage Holding inserted its brand name ("URPARTY") to the title, listing, and description to replace Carnival King, and the listing temporarily became "URPARTY Paper Popcorn Bags, 1 oz, Red & White, 100 Piece."

3.     Upon information and belief, Defendant Ravage Holding changed brand names, in order to take over listings and eliminate competitors by filing false counterfeit complaints.  Exhibit 1.

4.     Upon information and belief, Defendant Ravage Holding, with the assistance of other Defendant conspirators, have successfully employed their fraudulent scheme by registering other's trademarks, hijacking Amazon listings, and filing complaints against honest sellers such as Plaintiff KDC Direct.  Besides

their actions being illegal, they also harm the Amazon Community's trust and Plaintiff's (and other sellers') business.

5. Defendants' actions have resulted in Plaintiff's suspended listings and lost sales on Amazon.com.

6. For all of the foregoing, Plaintiff's causes of action include tortious interference with contractual and business relations; unfair competition, deceptive trade practices, and unjust enrichment.

## II.    PARTIES

### A. Plaintiff KDC Direct, LLC

7. Plaintiff is a domestic limited liability company organized under the laws of the State of Ohio, with its principal place of business at 3975 Outpost Dr., Hamilton, Ohio 45013.  Plaintiff owns and operates Amazon Storefront "KDC Direct."

### B. The Defendants

8. Upon information and belief, Defendant Ravage Holding is a Canadian corporation which conducts business worldwide.  Upon further information and belief, Defendant Ravage Holding's registered Canada location is 1120 Finche Ave W, North York, Ontario, M3J 3J4, Canada.  Upon information

and belief, Defendant Ravage Holding does business as Amazon Storefront "URPARTY."

9.      Upon information and belief, Defendant Treeway Solutions Inc. ("Defendant Treeway") does business as Amazon Storefront "The Novelty Brand."  Upon further information and belief, Defendant Treeway is a Canadian corporation that is located at 158 Roy Grove Way, Markham, Ontario, L6E 0T7, Canada.  Upon further information and belief, Defendant Treeway may be served upon Incorp Services, Inc. at 4505 Pacific Highway East, Suite C-2, Fife, Washington 98424.  *See* Exhibit 6 – Washington Corporation and Charities Filing System.

10.      Upon information and belief, Defendant Gary Leung is a Canadian citizen that owns and operates Defendant Treeway.  Upon further information and belief, Defendant Leung resides at 110 Farmstead Road in Richmond Hill, Ontario L4S 1X2.

11.      Upon information and belief, Defendant Equinox International Direct Limited does business as Amazon Storefront "Global Trade Partner Brand," as Equinox International, and as Global Trade Partner Brand (collectively, "Global Trade").  Upon further information and belief, Defendant

Global Trade is located at Rm 607, Yen Sheng CTR, 64 Hoi Yuen Road and RM 607 Kwun Tong Kowloon, Hong Kong 999077.

12.     Upon information and belief, Defendant Marhasin Warehouse is a Canadian sole proprietorship with its principle place of business at 15 Grenville St, Unit 703, Toronto M4Y0B9, Canada.  Further, it has a trademark registered to them for a product called, "My Miss Priss" which Defendant Global Trade sells. Exhibit 2.   Upon further information and belief, Defendant Marhasin Warehouse is related to Defendants Ravage Holding.

13.     Upon information and belief, Defendant Georgi Marhasin is a Canadian citizen that owns and operates Defendant Marhasin Warehouse.

### C.  Connections Among Defendants

14.     Upon information and belief, Defendant Georgi Marhasin has a trademark registered to him for a product called, "My Miss Priss" which Defendant Global Trade sells.  Exhibit 2.  Upon further information and belief, Defendant Georgia Marhasin is related to Defendant Ravage Holding.

15.     Defendants Marhasin were sued in the US District Court for the Northern District of Georgia, which resulted in a permanent injunction and a damages award in excess of $2,000,000.00.  *See* Order (Doc. 23), Exhibit 3, (*Dead*

*End Survival, LLC v. DOES 1 – 3; Marhasin Warehouse; and Georgi Marhasin*, Civil
Action No. 1:18-CV-2008-MHC (ND Ga)("Georgia Litigation")).

16.    In a Canadian Proceeding to enforce the Georgia Litigation,
Defendant Georgi Marhasin submitted a sworn affidavit ("Marhasin's
Affidavit").  *See* Responding Record, Apr. 23, 2019, Exhibit 7, (*Dead End Survival,
LLC v. Georgi Marhasin and Marhasin Warehouse*, Ontario Superior Court of Justice,
Court File No. CV-19-00615799-0000("Canadian Enforcement Proceeding")).

17.    Marhasin's Responding Record consists of 1.  Marhasin's Affidavit,
2.  Emails between Marhasin and Defendant Leung, and 3.  Invoices between
Defendant Treeway and Defendants Marhasin.  Exhibit 7, p. 2.

18.    The Canadian Enforcement Proceeding resulted in an Order that
included a damages award of $2,050,149.00.  *See* Order, Jun. 5, 2019, Exhibit 8,
p. 2 (*Dead End Survival, LLC v. Georgi Marhasin and Marhasin Warehouse*, Ontario
Superior Court of Justice, Court File No. CV-19-00615799-0000).

19.    Upon information and belief, Defendant Global Trade has been able
to be the only seller remaining on the Accused Popcorn Bag listing after brand
manipulations between Carnival King and URPARTY. Exhibit 4. Upon further
information and belief, Defendant Global Trade is related to Defendant Ravage
Holding.

6

20.     Upon information and belief, Defendant The Novelty has been able to be the only seller remaining on the Accused Popcorn Bag listing after brand manipulations between Carnival King and URPARTY. Exhibit 4. Upon further information and belief, Defendant The Novelty Brand is related to Defendant Ravage Holding.

21.     Upon information and belief, Defendants are either the same entity or are working in concert with each other.

22.     Upon information and belief, Defendants are business who conduct business throughout the world, including within this judicial district through the operation of Amazon.com storefront(s), Amazon.com buyer account(s), or e-mail address(es).

23.     Upon information and belief, Defendants directly and indirectly engage in the purchase of goods with the intent to cause harm and damage to competitors. Upon further information and belief, Defendants use anonymous information masking their true identities, physical addresses, and other contact information.  Upon information and belief, Defendants operate in this fashion to protect their true identities.

### III.   JURISDICTION AND VENUE

24.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, in that it involves claims arising under the laws of the United States and specifically involves 15 U.S.C. § 1125.

25.   This Court has supplemental jurisdiction over Plaintiff's Georgia state-law claims pursuant to 28 U.S.C. § 1367, in that the state law claims are integrally-related to the federal claims and arise from a common nucleus of operative facts, such that the resolution of all claims herein is in the interests of judicial economy.

26.   This Court has personal jurisdiction over Defendants because they regularly conduct business in the district and have committed acts in this judicial district which give rise to this action.  On information and belief, Defendants sell, offer for sale, and have sold products to residents of this jurisdiction.  As explained in more detail below, Defendants have purposefully directed actions aimed at harming the Plaintiff in an attempt to deprive the Plaintiff of its interstate activities.

27.   Venue is proper in this district and division pursuant to 28 U.S.C. § 1391.

IV.    AMAZON.COM, INC.[1]

28.    Amazon.com Inc. is the world's largest online retailer.  The
Amazon.com platform offers products worldwide.  Amazon is available solely
online at https://www.amazon.com / (last visited Apr. 29, 2018).

29.    "Amazon provides a platform for third-party sellers ("Sellers") and
buyers ("Buyers") to negotiate and complete transactions. Amazon is not
involved in the actual transaction between Sellers and Buyers . . . ."
https://www.sec.gov/Archives/edgar/data/1280998/000104746904006416/a21
28948zex-10_19.htm (last visited Oct. 10, 2017).

30.    Sellers ship goods to various Amazon warehouses across the United
States.  At those warehouses, Amazon stores a seller's inventory and ships goods
out of those warehouses.  Only about half of the states have Amazon
warehouses.  Georgia is one of those states.[2]

31.    To make a purchase, typically, a Buyer searches for a particular item
on Amazon.com or via a mobile application and submits an order.

---

[1] Amazon.com Inc. is the corporation that owns and operates Amazon.com, which is
often abbreviated to Amazon.

[2] https://trustfile.avalara.com/resources/amazon-warehouse-locations/atl6/  (last
visited Oct. 10, 2017).

32.     Amazon identifies that particular item at one of its many

warehouses.  Amazon then fulfills that order by mailing the items to the Buyer.

**A. Selling on Amazon.com Successfully**

33.     Amazon.com, Inc. allows Sellers to offer for sale and sell products

on the Amazon.com platform.  Amazon.com Inc. requires that Sellers enter into

agreements with it concerning the relationship between it and Sellers, duties and

responsibilities of the Sellers, and other policies.  *See, e.g.,* Amazon.com's

Participation Agreement *available at* https://www.amazon.com/

gp/help/customer/display.html?ref=hp_rel_topic?ie=UTF8&nodeId=1161272

(last visited Oct. 10, 2017); *see also* Amazon.com's Restricted Products *available at*

https://www.amazon.com/gp/help/customer/display.html?nodeId=20027704

0 (last visited Oct. 10, 2017).

34.     To sell on Amazon.com, a Seller begins with a set of quick start

instructions.  *See* Amazon.com Quick Start *available at*

https://www.amazon.com/gp/help/customer/display.html?ref=hp_bc_anchor

?ie=UTF8&nodeId=1161232 (last visited Oct. 10, 2017).

35.   Amazon.com allows Sellers to sell identical items under the same Amazon Standard Identification Number ("ASIN").[3]

### B. Understanding Amazon's Product Search Algorithm

36.   Product rankings on Amazon determine whether a potential Buyer sees a Seller's products.  If a Buyer's search results do not include a product on the first or second page, chances are that Buyer will never see . . . or buy from a particular Seller.  In order to be on the first or second page of search results, an excellent product ranking becomes mandatory.

---

[3] Amazon Standard Identification Numbers (ASINs) are unique

> blocks of 10 letters and/or numbers that identify items.  You can find the ASIN on the item's product information page at Amazon.com.  For books, the ASIN is the same as the ISBN number, but for all other products a new ASIN is created when the item is uploaded to our catalogue.  You will find an item's ASIN on the product detail page alongside further details relating to the item, which may include information such as size, number of pages (if it's a book) or number of discs (if it's a CD).

> ASINs can be used to search for items in our catalogue.  If you know the ASIN or ISBN of the item you are looking for, simply type it into the search box (which can be found near the top of most pages), hit the "Go" button and, if the item is listed in our catalogue, it will appear in your search results.

http://www.amazon.com/gp/seller/asin-upc-isbn-info.html (last visited Oct. 10, 2017).

37.     Amazon's product search algorithm is called "A9."

https://startupbros.com/rank-amazon/ (last visited Apr. 8, 2018).  A9's core

ranking factors include –

> **Conversion Rate\*** – These are factors that Amazon has found have · a statistically relevant effect · on conversion · rates. Examples of conversion · rate · factors include · customer reviews, quality · of images and pricing.

> **Relevancy** – Remember the first · step · in the A 9 algorithm? They gather · the results, and then they decide · how to list them. Relevancy factors tell · A 9 when to consider your product · page for a given search · term. Relevancy factors include · your title · and product · description.

> **Customer Satisfaction & Retention** – How do · you make · the most money · from a single customer? Make them so happy · that they keep · coming back. Amazon knows that the secret · to max RPC lies in customer retention. It's a lot · harder to get · someone · to spend · $100 once than $10 ten times. Customer Retention factors include · seller · feedback · and Order Defect Rate.

https://startupbros.com/rank-amazon/ (last visited Apr. 8, 2018).

   **C. Hijackers and Leeches**

38.     Many unscrupulous Amazon sellers fall in two categories – hijackers

and leeches.  "Hijackers are the people on your listing that have undercut your

price just enough to steal the Buy Box from you."  https://startupbros.com/

amazon-hijackers-product-listing/ (last visited Apr. 8, 2018).  "Leeches don't

actually own the Buy Box . . . .  Many of these pests are bots without any history

or feedback, most of which just launched a brand-new account right before they began assaulting yours." https://startupbros.com/amazon-hijackers-product-listing/ (last visited Apr. 8, 2018).



39.    On information and belief, Defendants are operating related enterprises and are acting in concert with one another.

40.    By and through these deliberate, willful, and malicious acts, Defendants are depriving Plaintiff of the ability to compete fairly, thus causing immediate and irreparable harm to Plaintiff and the public. Further, on information and belief, Defendants have generated substantial revenue as a result of their hijacking and intellectual property infringement complaint scheme.

---

[4] https://www.nchannel.com/blog/how-to-win-the-amazon-buy-box/ (last visited Apr. 8, 2018).

## V.    PLAINTIFF'S BACKGROUND

41.    Plaintiff is a limited liability company that sells Carnival King's popcorn bags on shared ASIN:  B01EJMLGTS with other competitors, including Defendants.

*42.*    Plaintiff purchases the Accused Popcorn Bags directly from Manufacturer Carnival King and then sells them on its Amazon storefront KDC Direct.

43.    Amazon Seller KDC Direct is committed to providing each customer with the highest standard of customer service. During the 12 months prior to Defendants' complaint, Amazon Seller KDC Direct enjoyed a 100% positive rating based on 793 customer ratings.

### A. Plaintiff & Popcorn Bags

44.    Until August 2018, Amazon Seller KDC Direct has enjoyed great success in selling a variety of offerings to the Amazon.com platform. One of its popular offerings is a popcorn bag entitled, "Carnival King Paper Popcorn Bags, 1 oz, Red & White, 100 Piece" ("Accused Popcorn Bag").  *See* ASIN B01EJMLGTS *available at* https://www.amazon.com/dp/B01EJMLGTS (last visited Mar. 19,

2019) (shown below).





Roll over image to zoom in

45. The Accused Popcorn Bag's UPC on Amazon is 646437148610.

Amazon created this listing and identified the true manufacturer and brand as

Carnival King Supplies. The Accused Popcorn Bag is also offered directly from

the manufacturer. *See* https://www.carnivalkingsupplies.com/

product/?id=9526 (last visited Mar. 19, 2019). The Amazon listing's and the

manufacturer's page photos are identical proving ASIN B01EJMLGTS is

rightfully a Carnival King-branded Bag.

### B. History of Accused Popcorn Bag listing - ASIN B01EJMLGTS

46.     With 375 product reviews and product rating of 4.5 stars, the success in selling Accused Popcorn Bags did not go unnoticed by Amazon sellers seeking to unfairly profit from the success.  That is, Amazon seller URPARTY successfully changed the Carnival King bag's listing from that brand to a private label brand - URPARTY.

47.     ASIN B01EJMLGTS was created in May 2015, Amazon being the original seller and creator of that listing.  Later, a third party Amazon seller changed the title, manufacturer and the body of the listing to be a name for their own listing.  Essentially, they hijacked the listing with their own trademark by the name of URPARTY.

48.     The consequence of this change is twofold. First, the private label seller gains all of the positive metrics associated with that ASIN such as positive product reviews, visibility, and velocity.  Second, once changed, the private label seller, who is likely brand registered, files infringement reports against those (currently 10) honest sellers offering authentic Carnival King brand popcorn bags.

## VI.   HIJACKING POPCORN THROUGH ASIN MANIPULATION

49.   Based on information and belief, Defendant Ravage Holding sells popcorn bags on Amazon through its online storefront, "URPARTY."

50.   Defendant Ravage Holding purportedly owns a US trademark registration to "URPARTY."  US Trademark Reg. No. 5,305,464 ("'464 Trademark") attached as Exhibit 5.

51.   Upon information and belief, Defendant Ravage Holding filed and received the Trademark on or about October 10, 2017, over two years after Amazon created the listing for the ASIN:  B01EJMLGTS.[5]

52.   Upon further information and belief, Defendant Ravage Holding had the ability to change the title in this listing as well as the name next to the title from Carnival King over to URPARTY.

53.   The title at one point read "URPARTY Paper Popcorn Bags, 1 oz. Red and White, 100 Piece," and the brand name listed below it was also changed to URPARTY.  Nonetheless, the manufacturer at the bottom of the page in the details still stayed as Carnival King because person changing the listing could not manipulate *that* data.

---

[5] US Trademark No. 5,305,464 ("'464 Mark"), attached as Exhibit 5.

54.     Upon further information and belief, Defendant Ravage Holding is not the manufacturer of this product.  Upon further information and belief, Defendants changed the manufacturer's title and listing to URPARTY to hijack the listing then file false counterfeit claims against other sellers.

55.     Upon further information and belief, Defendant Ravage Holding was not able to change the manufacturer name on the ASIN which proves that Carnival King is the manufacturer.  Exhibit 4.

## VII.   DEFENDANTS' ACTIONS

### A. The First Complaint

56.     On August 26, 2018, Plaintiff received a policy warning from Amazon for the Accused Popcorn Bag.

> Infringement Type: Counterfeit
> Trademark asserted: 5305464
> Complaint ID: 5309479321

*See* email from Amazon.com, Inc., Notice Dispute Department, to KDC Direct (Aug. 26, 2018), Exhibit 1 (Complaint ID: 5309479321).

57.     Inexplicably, the complainant for this trademark counterfeit claim was Ben Hall (ben.hall238@gmail.com).  However, even a cursory review of the '464 Trademark reveals that *Ben Hall* has no ownership interest in that registration.

18

58.     Despite the bogus claims, Plaintiff sold authentic Accused Popcorn Bags as the manufacturer of the product was Carnival King.  Plaintiff purchased all items from a distributor and have provided the invoices to Amazon.  Plaintiff appealed the violation, and on August 28, it received the notice that the product was reinstated.

59.     Plaintiff KDC Direct proceeded to work with Amazon Seller Support to get the listing corrected with Carnival King as the brand. Amazon researched the issue, then they made the title / brand change at the top of the page to show it was in fact Carnival King and not URPARTY.  The user manipulating the listing had changed all "Carnival King" references and replaced them with "URPARTY" references, essentially hijacking the listing.

60.     On August 31, 2018 despite not submitting an additional appeal and having already been reinstated, Plaintiff KDC Direct received another email stating Amazon reviewed its appeal and reinstated the following content: ASIN B01EJMLGTS, Complaint ID: 5326344811.

**B. The Second Complaint**

61.     Again, on August 31, 2018, Plaintiff KDC Direct received a second email from Amazon stating another policy warning for the product listed below:

Title: Carnival King Paper Products, 1 oz. Red and White, 100 Piece

Infringement Type: Counterfeit
Trademark asserted: 5305464
Complaint ID: 5322244901

Plaintiff KDC Direct again sent off the same documentation as last time detailing

everything that had happened on August 31, 2018.

62.     Initially, Amazon denied the appeal twice.  During the second,

Amazon informed Plaintiff that the rights owner's contact information was

contact@ravagestore.com.  The website for the *rights owner* is

www.ravagestore.com, which was registered / created on August 16, 2017 - over

2 years from the date Amazon created the product listing.

63.     Tenaciously, Plaintiff KDC Direct proceeded to email Amazon a

third time with the same information, showing that Carnival King still showed as

the manufacturer in the bottom details of the page.  Moreover, Plaintiff proved

that URPARTY was hijacking the listing by removing other sellers through lying

and manipulating the Amazon system.

64.     Amazon responded back on September 2, 2018 stating it reviewed

Plaintiff's appeal and reinstated the following content: ASIN B01EJMLGTS,

Complaint ID: 5332303101.  And, like the first complaint reinstatement, Plaintiff

KDC Direct received a second notice that Amazon reinstated the following

content: ASIN B01EJMLGTS, Complaint ID: 5333006051.

### C.  Defendant's Fraudulent Complaints With Amazon.com

65.     Upon information and belief, Defendant Ravage Holding filed a complaint on Amazon on or about August 26, 2018.  *See* Amazon.com Notice of Intellectual Property Rights Infringement, attached as Exhibit 1.

66.     In order to file an infringement report on Amazon.com, a complainant completes a straightforward, abbreviated online form.  *See* Amazon Report Infringement *available at* https://www.amazon.com/gp/help/reports/infringement (last visited Dec. 19, 2016), attached as Exhibit 1.

67.     Notably, by filing an infringement report, complainant must make the following assertion –

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law.

*Id.*

68.     More importantly, by filing an infringement report, complainant declares –

> I declare, under **penalty of perjury**, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

*Id.* (emphasis added).

69.     Upon information and belief, Defendant Ravage Holding filed both complaints.

70.     Nevertheless, as a result of Defendant Ravage Holding's fraudulent trademark infringement complaints with Amazon, Amazon suspended Plaintiff's Accused Popcorn Bag offerings so that they were no longer available to Amazon customers.  *See* Amazon Notice of Suspension, attached as Exhibit 1.

71.     Defendant Ravage Holding's fraudulent and bad-faith complaints, and Amazon's resulting suspension, have materially affected potential sales because purchasers no longer have the option to purchase from Plaintiff.

72.     Additionally, as a result Defendant Ravage Holding's fraudulent and bad-faith complaint, Plaintiff has suffered extensive loss of sales and loss of goodwill.

### D. Defendants' Anonymity

73.     Plaintiff has made several non-judicial attempts to ascertain the real individuals behind Defendants.  None of its efforts have been successful.  For this reason, Plaintiff turned to judicial options.  That is, Plaintiff received discovery responses from Amazon.com, Inc.  Those responses included blank, incorrect, or misleading information.

74.     Upon information and belief, Defendants do not use their real names on email addresses used to file complaints.

75.     Upon information and belief, Defendants have purchased the domain carnival-king.com in December 2018 and chose the privacy option preventing any from seeing who registered it.

76.     Upon information and belief, Defendants have used emails Robert.belmonte7763@gmail.com, Ashley@carnival-king.com and legal@carnival-king.com to file false IP complaints.

**E.  TRADEMARKS LINK BACK TO MARHASIN**

77.     The following US Trademarks apply to this lawsuit:

| Trademark | Serial No. | Owner | Amazon |
|---|---|---|---|
| URPARTY | 87323057 | Ravage Holding Inc[6] | Amazon Seller URPARTY https://www.amazon.com/s?k=URPARTY&ref=nb_sb_noss |
| MY MISS PRISS | 87121063 | Marhasin Warehouse Georgi Marhasin[7] | Amazon Seller My Miss Priss https://www.amazon.com/stores/MyMissPriss/node/11480145011 |
| MY MISS PRISS | 87121063 | LIU, YAN[8] | Amazon Seller My Miss Priss https://www.amazon.com/stores/MyMissPriss/node/11480145011 |

---

[6] Suite 701-1693 1120 Finch Avenue West Toronto Canada.

[7] 15 Pebble Byway Unit 62 Toronto Canada M2H3J5.

[8] 150 Sudbury Street Toronto, Ontario Canada M6J 3S7.

| Global Trade Partner brand | 75405807 | AMC, Inc.[9] | Amazon Seller Global Trade https://www.amazon.com/sp?_encoding=UTF8&asin=&isAmazonFulfilled=1&isCBA=&marketplaceID=ATVPDKIKX0DER&orderID=&seller=A2MK6WY1SLMCXF&tab=&vasStoreID= |

78.     After a series of brand name changes between Carnival King and URPARTY, at one point, only one seller remained on the listing - "Global Trade Partner brand."[10]  This is notable because either 1) Defendant Global Trade filed all the complaints; or 2) Defendant Global Trade does business as URPARTY.

79.     Defendant Global Trade sells another product called, "My Miss Priss," which is a trademark registered to Defendants Marhasin Warehouse and Georgi Marhasin.  Both were defendants in a federal court case with facts similar to the present case.  *See* Exhibit 2.

80.     Additionally, another Amazon seller, Ms. Ephraim Zargari, had a similar issue with Defendants Marhasin stealing her "Men's Collection" trademark and using it on Amazon.com.  Luckily, she won her case before the

---

[9] 240 Peachtree Street, N.W. Atlanta Georgia 303031327.

[10] Note – Plaintiff does not believe that Amazon Seller "Global Trade Partner brand" owns the trademark registration to the same.  Additionally, Plaintiff believes this Seller changed its name.

Trademark Trial and Appeal Board – Trademark Cancelation Proceeding No.

68551.  *See* Exhibit 2, TDSR (Men's Collection).

81.     While Ms. Zargari proceeded with another law firm, Plaintiff's

counsel coordinated efforts against Marhasin.  Upon information and belief,

Defendants Marhasin also made a purchase of her products and left three 1-star

reviews.  Her products were sent to –

> Georgi Marhasin
> 1051 Clinton St
> Buffalo, NY 14206-2823

82.     Defendants Marhasin and Leung schemed to find successful brands

on Amazon.com and apply for a US trademark registration.  Exhibit 7, p. 5.

Neither Defendant actually owned any goodwill or interest in the trademarks.

Exhibit 7, p. 5.

83.     Defendant Leung directed Defendant Marhasin to file a US

trademark application for "My Miss Priss."  Exhibit 7, p. 5.

84.     Defendant Leung directed his "second wife" to purchase goods from

a Chinese manufacturer.  Exhibit 7, p. 7.

85.     Once Defendants Marhasin and Leung gained federal trademark

protection, it began selling goods under the trademark on Amazon.com.  Exhibit

7, pp. 9-10.

## VIII.   CONSPIRACY

86.   Upon information and belief, Defendants are working in concert to eliminate their competition.  Each Defendant have voluntarily and intentionally devised and participated in a scheme to defraud Plaintiff out of money.

87.   Defendants' actions prevent Plaintiff from selling its inventory to actual customers, from withdrawing funds for its Amazon seller account, and from purchasing additional inventory.

88.   Upon information and belief, Defendants intended to defraud Plaintiff out of money through their pattern of false complaints from multiple emails.

89.   Upon information and belief, Defendants have used e-mail addresses, the Internet, interstate mail, and other communications to further their conspiracy.

IX.   **CLAIMS**

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

90.   Plaintiff re- alleges paragraphs 1-89 as if set forth in full herein.

91.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff

is entitled to and hereby move the Court for a judgment declaring that:

92.   The Accused Popcorn Bags do not and have not infringed US

Trademark Reg. No. 5,305,464 ("'464 Trademark"); and

93.   As a result of Defendants' allegations of infringement against the

Plaintiff and representations to Amazon.com that the Accused Popcorn Bags

infringe the '464 Trademark, an actual controversy exists as to infringement of

the '464 Trademark.

94.   Plaintiff is entitled to a declaratory judgment that Plaintiff is not

infringing the '464 Trademark.

## COUNT II
## TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS
## RELATIONS

95.   Plaintiff re-alleges paragraphs 1-89 as if set forth in full herein.

96.   Defendants have interfered improperly and without privilege with

Plaintiff's contractual and business relations by engaging in the aforesaid

conduct to induce Amazon.com Inc. not to continue contractual relations or business with Plaintiff.

97.    Defendants have acted improperly, tortiously, and without legal basis by submitting a false infringement report with Amazon.

98.    Defendants have knowledge of Plaintiff's contracts and business relations with Amazon.

99.    Defendants have acted with a direct or "specific" intent to injure Plaintiff.

100.    Defendants' improper conduct in submitting a false infringement report.

101.    The foregoing actions by Defendants were willful, malicious, specifically intended to harm Plaintiff's contractual and business relations with Amazon and constitute aggravating circumstances sufficient to justify the imposition of a punitive damages award.

102.    As a direct and proximate result of the aforesaid unlawful conduct of Defendants, Plaintiff has suffered substantial and irreversible damage to its professional reputation and lost profits.

## COUNT III
## GEORGIA DECEPTIVE TRADE PRACTICES ACT
### (O.C.G.A § 10-1-370 *ET SEQ.*)

103.   Plaintiff re-alleges paragraphs 1-89 as if set forth in full herein.

104.   Defendants' manipulated the Accused Popcorn Bag advertisements, which constitutes deceptive trade practices in violation of O.C.G.A. §§ 10-1-372 and 10-1-420.

105.   Defendants' use of false or fraudulent statement in its advertisements constitute a violation of O.C.G.A. § 10-1-421.

106.   The advertisements alleged above were made in and to residents of the state of Georgia.

107.   Plaintiff KDC Direct, LLC has suffered damages as a result of the misleading and false advertisements of Defendants and will continue to suffer damage unless the Court enjoins Defendants from advertising, marketing, or purporting to sell URPARTY popcorn bags or from engaging in any other false advertising with regard to popcorn bags or engaging in any other unfair competition based upon false and misleading or confusing statements related to Plaintiff's Accused Popcorn Bags.

108.   In addition to injunctive relief, Plaintiff is entitled to recover actual damages it sustains as a consequence of Defendants' violation of the Georgia Code, together with costs and attorney's fees incurred in bringing this claim.

109.   Plaintiff is entitled to statutory damages of $2,000.00 per violation, or in other words, Plaintiff is entitled to $2,000.00 for each potential customer who clicked on an offending link.

110.   Upon information and belief, Defendants' infringing activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff's business reputation and to the goodwill associated with Plaintiff, including diversion of consumers, lost sales and lost profits.  Plaintiff has no adequate remedy at law.

**COUNT IV**
**GEORGIA STATUTORY UNFAIR COMPETITION**
**(O.C.G.A § 23-2-55)**

111.   Plaintiff re-alleges paragraphs 1-89 as if set forth in full herein.

112.   Upon information and belief, Defendants' unauthorized manipulation of "Carnival King" has been with the intention of deceiving and misleading the public, and thereby attempting to encroach upon the business of Plaintiff in violation of O.C.G.A § 23-2-55.

113.    Defendants' unauthorized use of the "Carnival King" trademark has caused, and unless restrained by this Court, will continue to cause immediate and irreparable injury to Plaintiff because a substantial number of past, present and potential customers have been and are likely to be confused, deceived and misled as to the true source, origin, sponsorship, approval, authorization, association, affiliation and characteristics of the products offered for sale and sold by Defendants.  Plaintiff has no adequate remedy at law for such injury.

114.    Unless enjoined by this Court, Defendants will continue said deceptive trade practices, thereby deceiving the public and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

**<u>COUNT V</u>**
**<u>GEORGIA COMMON LAW UNJUST ENRICHMENT</u>**

115.    Plaintiff re-alleges paragraphs 1-89 as if set forth in full herein.

116.    Defendants' unauthorized manipulation of the "Carnival King" trademark in connection with the advertising, promoting, and sale of the Defendant's goods and services, from which Defendants have derived substantial profits, has unjustly enriched Defendants by enabling them to unfairly appropriate the benefit of the  Accused Popcorn Bag's Amazon metrics.

117.    Defendants have earned revenues and profits to which they are not legally entitled, and Plaintiff continues to be irreparably injured by the aforesaid acts of Defendants, which acts have greatly and unjustly enriched Defendants at Plaintiff's expense, for which injury Plaintiff has no adequate remedy at law.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff KDC Direct, LLC respectfully prays for the following relief:

A.     That the Court enter a declaratory judgment that Plaintiff has not infringed in any way the '464 Trademark;

B.     That the Court issue an injunction, pursuant to 15 U.S.C. § 1116, requiring Defendants, their officers, agents, servants and employees be enjoined and restrained from making, using, offering to sell, selling, or importing into the United States Accused Popcorn Bags; further, Defendants should be enjoined from filing any Amazon intellectual property complaints against Plaintiff.

C.     An order requiring Defendants to immediately remove, or cause to be removed, all advertisements that purport to or imply that Defendants sell Accused Popcorn Bags.

D.     That the Court enter judgment and order as part of the injunction Defendants be directed to file with this Court and serve on Plaintiff within thirty days after issuance of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

33

E.     That as a further part of the injunction Defendants be required to deliver up and destroy all of their Accused Popcorn Bags.

F.     That the Court enter judgment in the amount of Plaintiff's damages, Defendants' profits, Plaintiff's reasonable attorney fees, and costs of suit;

G.     That the Court grant Plaintiff prejudgment interest and costs;

H.     That the Court enter judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under state law as appropriate; and

I.     That the Court grant such other and further relief as the Court may deem just.

## <u>JURY TRIAL DEMANDED</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted, this October 2, 2019.

By:___/Jeffrey T. Breloski
Jeffrey T. Breloski
Georgia Bar No. 858291
E-mail:  jbreloski@ATLawip.com
ATL*AWIP* LLC
1265 Stuart Ridge
Johns Creek, Georgia 30022
678.667.3491

*Attorney for Plaintiff KDC Direct LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing

has been prepared in Book Antiqua 13 point, one of the four fonts and points

approved by the Court in LR 5.1C.

/s/ Jeffrey T. Breloski
Jeffrey T. Breloski
Georgia Bar No. 858291
E-mail:  jbreloski@ATLawip.com